IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY L. NICHOLS, #858242,
 Petitioner,

vs.              Case No.: 5:07cv47/MCR/EMT

JAMES R. McDONOUGH,
 Respondent.
_____/

**REPORT AND RECOMMENDATION**

   Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5). Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Docs. 17, 18). Petitioner filed a reply in opposition to the motion (Doc. 22). Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

   In November of 1999, Petitioner was convicted in the Circuit Court in and for Bay County, Florida, of one charge of attempted robbery with a firearm and one charge of possession of a firearm by a convicted felon (*see* Doc. 5 at 1; Doc. 17 at 1). The sentencing court imposed a habitual violent felony offender and prison releasee reoffender sentence on both counts and sentenced Petitioner to fifteen (15) years of imprisonment on the attempted robbery count and ten (10) years of imprisonment on the felon in possession count (*see* Doc. 5 at 1; Doc. 17 at 1). Petitioner appealed the judgment of conviction and sentence to the Florida First District Court of Appeal (First DCA). The First DCA affirmed the conviction but struck the habitual violent felony offender sentence as to the attempted robbery count (*see* Doc. 5 at 2; Doc. 17 at 1). Nichols v. State, 772 So. 2d 629 (Fla. 1st DCA 2000). Petitioner now challenges those sentences on the following grounds: (1) imposition of both a habitual felony offender sentence and a prison releasee reoffender sentence on

the same count violates the Double Jeopardy Clause, and (2) the prison releasee reoffender statute was retroactively applied to him (*see* Doc. 5 at 4).

Initially, it appears that Petitioner has been untruthful in his representations to the court. Question 13 on the federal habeas petition form asks, "Have you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?" (Doc. 5 at 3). Where there is an area to mark either a "Yes" or "No" answer to this question, and an area for providing the name of the court, case number, and result of the previous petition, Petitioner marked "No" (*id.*). Thus, Petitioner has in effect stated that he has not previously filed a § 2254 petition, or other pleading regarding the validity of his state court confinement, in any federal court. At the end of the federal habeas petition form, Petitioner signed his name after the following statement on the form: "I declare (or certify, verify, or state) under penalty or [sic] perjury that the foregoing is true and correct" (*id.* at 6).

In Respondent's motion to dismiss, Respondent states that on April 3, 2003, Petitioner filed a § 2254 petition in this court, Case No. 5:03cv82/MCR/MD (*see* Doc. 17 at 2; Doc. 18, Exs. A, B). Respondent further states that the habeas petition was denied as untimely, and Petitioner appealed to the Eleventh Circuit Court of Appeals but was denied a certificate of appealability (Doc. 17 at 2; Doc. 18, Exs. C–F). Indeed, the aforementioned case was a § 2254 petition previously filed by Petitioner in a federal court, and it concerned the validity of the same state court confinement that he challenges in the instant habeas action (*see* Doc. 5 at 1; Case No. 5:03cv82/MCR/MD, Doc. 1 at 1–2). Petitioner failed to list this case on the instant amended petition (*see* Doc. 5 at 3). Petitioner is warned that if he provides the court with untruthful factual statements or responses in the future, he may be sanctioned for abuse of the judicial process.

Upon review of the parties' submissions, the undersigned concludes that the instant § 2254 petition is an unauthorized successive habeas application. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* <u>Felker v. Turpin</u>, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); <u>In re Medina</u>, 109 F.3d 1560 (11th Cir. 1997). In Petitioner's reply to the motion to dismiss, he does not dispute that the instant petition is successive, nor does he assert that he has obtained permission from the Eleventh Circuit to file the instant petition (*see* Doc. 22). Instead, he asserts an

incomprehensible jurisdictional argument that ". . . upon pronouncement by the higher court of a sentencing directive that the lower tribunal must comply and in failure to do so relinquishes jurisdictional authority to the higher court," supporting his argument with references to cases which the court is unable to locate based upon the citations provided by Petitioner (*id*. at 3).

As previously discussed, the instant petition challenges the legality of the same state convictions and sentences that were the subject of the previous § 2254 petition.  Furthermore, Petitioner's previous petition qualified as a first petition for purpose of determining successor status.[1]  *See* Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims).  Therefore, the instant petition is successive.  Additionally, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition.  *See* Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained authorization for filing it).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 17) be **GRANTED**.

2. That Petitioner's amended habeas petition (Doc. 5) be **DISMISSED** for lack of jurisdiction.

---

[1]Some types of collateral challenges do not render subsequent habeas petitions "second or successive."  *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No. 5:07cv47/MCR/EMT

At Pensacola, Florida, this 17th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**